## CLARK ET AL V. STANFIELD ET AL.

1. **WILL**: *Construction of; Limitations over, when not too remote.*
   Henry Gregg's will contained the following provision, viz:
   "I give and bequeath to my beloved wife, Esther Gregg, the following tract of land, to-wit: The S. W. 1-4 Sec. 26, T. 2, N., R. 7, W., in Prairie county, Arkansas. Also, after all legal demands against my estate are paid, I give, bequeath and desire that all moneys (specie excepted) and personal property, that I may possess at my death, in Arkansas, go to and vest in said Esther Gregg and *my bodily heirs*, the issue of said marriage, to have and to hold forever; the said Esther Gregg to have the use and benefit of said land, and full control of said personal property, to be disposed of as she may think best, in the way of supporting the aforesaid parties, and educating said heir or heirs, so long as she may remain a widow, or until the maturity of said heir or heirs. Should said Esther marry again, or at the maturity of said heir or heirs, the aforesaid land, with all the personal property that may be on hand, to be divided equally between said Esther and said heir or heirs; and should said heir or heirs die before maturity, all of their part of said property to revert to said Esther. And should said heir or heirs die, before maturity, and said Esther die without other lawful issue, then said property, both real and personal, to revert to my heirs at law."
   *Held:* 1st. That the testator made a distinction between his descendants, the issue of his marriage with said Esther, and his heirs generally, and did not intend that the latter class should take anything until the former class had all died before maturity, and his wife, Esther, had died without other lawful isssue.
   2nd. That the limitation over upon the death of Esther, without lawful issue, meant lawful issue living at the time of her death, and not an indefinite failure of issue, and was not too remote.

APPEAL from *Prairie* Circuit Court.

Hon. J. M. SMITH, Circuit Judge, (by interchange).

*Hughes,* for appellants:

Plaintiffs failed to show that the heirs of Henry A. Gregg,

the issue of his marriage with Esther, had died before maturity, and that she died without other lawful issue.  A plaintiff in ejectment must recover on the strength of his own title.

Was not the provision, under which plaintiffs claim, a limitation upon an indefinite failure of issue, and void?  23 *Ark.*, 199 ; 3 *Ib.*, 146 ; 2 *Washburn*, 250 ; bottom of lateral paging ; latter part of *secs.* 23 *and* 24 ; *sec.* 8, *lateral p.* 344 ; 2 *Wash.*, *Real Prop.*, sec. 22, *p.* 355 ; *Ib.*, sec. 14, *p.* 359–60 ; *Ib.*, sec. 7, *p.* 361 ; secs. 9 *and* 10, *p.* 366 ; sec. 4, *p.* 380 ; 4 *Kent.*, 283.  "A devise of an estate for life, with an unqualified power to appoint an inheritance, makes the whole an equitable fee."  16 *Vesey*, 135 ; 4 *Kent.*, 319, *lat.* ; *Ib.*, 320.  By will is a common law mode of alienaation.  *Bl'k. Com.*, *book* 2, 373 ; *sec.* 2, *p.* 271. 2  *Wash. R. P.*

T. B. Clark, on death of Esther, by whom he had issue capable of inheriting, became tenant by the curtesy, without her will.  1 *Wash. R. P.*, *lat. p.* 131.

See also 1 *Wash. R. P.*, 57, (*side*).

THE WILL.    EAKIN, J.   In June 1870, Henry A. Gregg made his will. In one of its provisions, in consideration that his wife, Esther Gregg,  had by marriage contract renounced any interest in his estate, save what he might give her, he says : "I give and bequeath unto her, and desire that she have, the following tract or parcel of real estate, to-wit :  The S. W. ¼ Sec. 26, Township 2 North, Range 7 West, 160 acres ; it being the tract or parcel of land on which my farm is situated, being in the county of Prairie, State of Arkansas ; also, after all legal demands against my estate are paid, I give, bequeath and desire that all moneys, (specie excepted) and personal property that I may possess at my

death, lying and situated in the State of Arkansas, go to and vest in said Esther Gregg and *my bodily heirs*, the issue of said marriage, to have and to hold forever. The said Esther Gregg to have the use and benefit of said land, and full control of the personal property, to be disposed of as she may think best, in the way of supporting the aforesaid parties, and educating said heir or heirs, so long as she may remain a widow, or until the maturity of said heir or heirs. Should the said Esther Gregg marry again, or at the maturity of said heir or heirs, the afore-described real estate, with all the personal property that may be on hand, to be divided equally between the aforesaid Esther Gregg and heir or heirs ; and should said heir or heirs die before the years of maturity, all of their part of said property, both real and personal, to revert to the aforesaid Esther Gregg ; and in case (or should) the aforesaid heir or heirs die as above described, and the aforesaid Esther Gregg die without other lawful issue, then the afore-mentioned property, both real and personal, to revert to my heirs at law."

To the same persons, and in the same manner, were given the value of some improvements upon other lands given to other devisees, which were to be appraised. Other provisions in the will do not touch this controversy.

Henry A. Gregg afterwards died, and his widow, Esther, having intermarried with Thomas B. Clark, died also, leaving no children of the second marriage. The lands passed into possession of Wm. Clark, against whom, the appellees as the heirs at law of said Henry, brought ejectment for the special tract above described.

Thomas B. Clark was, upon his own motion, made defendant.

They say, in their answer, that after the marriage of said Esther with said Clark, she had issue which lived four years,

and that by her will, which they exhibit, she devised the land in fee simple to her husband,

The bill of exceptions shows that the cause was submitted to the judge, sitting as a jury; upon the complaint, answer, both wills, and the admission of the defendants that they denied any right whatever in the plaintiffs. There was no other evidence.

The judgment of the court was in favor of the plaintiffs for an undivided interest of four-fifths of the land. A special finding of facts by the court was waived. There was a motion for a new trial, which was overruled, and the defendants appealed.

Construction of. Upon a careful examination of the complaint, answer and the two wills, we fail to find sufficient facts to support the judgment as rendered. The testator, Henry A. Gregg, evidently made a distinction between his descendants, the issue of his marriage with said Esther, and his heirs generally, and did not intend that the latter class should take anything in the land in question, unless, and until the former class had all died before maturity, and Esther herself had died Limitation over, without other lawful issue, than those of the marriage not too between herself and the testator. We do not think the limremote, itation over to the heirs general in case of the death of said Esther without lawful issue, other than that above indicated, too remote. The testator evidently meant living at the time of her death, and not an indefinite failure in the future.

But we are not advised by the record of the existence of the former class. Who were the issue of Henry and Esther Gregg? Was there one or more, and how many? What were their names and sex? When did they die? or are they yet living? Doubtless the judge and attorneys knew these facts, but the record does not disclose them. The plaintiffs are heirs general, and their rights so much depend on the answer to these questions, that in our ignorance, we cannot

say the judgment of the court was correct.   We cannot see that the condition of things had occurred to vest any rights in the plaintiffs.   Nor can we understand why the court gave them the particular fractional interests of four-fifths.

We can imagine conditions which would make the will very difficult of construction, but prefer not to anticipate them before they may have been originally considered and adjudicated below, and brought fully to our notice.

Upon the facts disclosed the judgment was erroneous.

Reverse and remand for a new trial, and other appropiate proceedings.